# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

LILLIE COLEY
RYMIR SATTERTHWAITE
WANDA SATTERTHWAITE

              Plaintiffs,

    vs.

NEW JERSEY SUPREME COURT,

JUDGE DEBORAH SILVERMAN KATZ,

JUDGE CHARLES W. DORTCH JR,

JUDGE STEPHEN J. POLANSKY,

JUDGE EDWARD J. MCBRIDE JR, J.S.C.

JUDGE SHERRI L. SCHWEITZER

JUDGE SAMUEL BERNADINE

NEW JERSEY SUPERIOR COURT FAMILY
DIVISION & CIVIL LAW DIVISION

NEW JERSEY APPELLATE COURT,

NEW JERSEY ADMINISTRATIVE OFFICE OF THE
COURTS ("AOC")

              Defendants.

CIVIL ACTION NO.

**JURY DEMAND (12)**

Federal Questions
Civil Rights
Discrimination
1st, 5th, 6th, 13 & 14th Amendment
of the U.S. Constitution

## COMPLAINT

1. This action has been initiated by Pro Se Plaintiffs: Lillie Coley, Rymir Satterthwaite, and Wanda Satterthwaite hereinafter referred to collectively as ("Plaintiffs"), unless otherwise indicated.

1

## JURISDICTION

2. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

4. The Court may exercise subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, § 1343(a)(1-4), § 1346(b), § 2201 and § 2202 because it arises under the laws of the United States and seeks redress for violations of federal law.

5. The Court has personal jurisdiction over Defendants because all Defendants have more than minimum contacts with the State of New Jersey. All Defendants are residents of the State of New Jersey. Further, the claims here stem from Defendant's contact with the forum state, New Jersey.

## VENUE

6. Venue of these actions against all defendants is proper under 28 U.S.C. § 1391 (b)(2); (c)(1); (f)(1); (f)(3), because most of the events took place within this district and the Defendants had a substantial connection to the claim.

## PARTIES

7. Plaintiff Lillie Coley ("Coley") is a citizen of Pennsylvania who resides at 3900 City Ave. Apt. M420 Philadelphia, PA 19131. Coley is an African American woman and the godmother and legal guardian of Plaintiff Rymir when he lived in New Jersey. Coley is also acting on behalf of the estate of Plaintiff Wanda Satterthwaite ("Wanda"), who is

deceased and was the birth mother of Rymir. Wanda initiated a process in Pennsylvania seeking to determine the identity of Rymir's biological father.

8. Plaintiff Rymir Satterthwaite ("Rymir") is a citizen of Pennsylvania who resides at 3650 N. Marvine St, Philadelphia, PA 19140.

9. Defendant Supreme Court of New Jersey ("SCNJ") is a state entity located in 25 W. Market St., 8th Floor, Trenton, New Jersey, 08625.

10. Defendant Superior Court Civil Law Division ("SCCD") is a New Jersey state entity located at Camden County Hall of Justice, 101 South 5th Street, Camden, NJ 08103-4001.

11. Defendant New Jersey Appellate Division(appeals court) ("ACNJ") is a New Jersey state entity located at 25 W. Market St. , 5th Floor, Trenton, NJ 08625

12. Defendant Charles W. Dortch, Jr. ("Dortch") is a Judicial Official of the New Jersey Superior Court Family Division ("SCFD") located at Camden County Hall of Justice, 101 South 5th Street, 3rd Floor Camden, NJ 08103-4001, and is involved in deprivation of Plaintiffs' civil rights and fraud upon the court.

13. Defendant Deborah Silverman Katz ("Katz") is an assignment (Chief) Judicial Official of the New Jersey Superior Court with the responsibility of administrative operations located at Camden County Hall of Justice, 101 South 5th Street, 3rd Floor Camden, NJ 08103-4001, and is involved in violation of Plaintiffs' procedural and substantive due process.

14. Defendant Stephen Polansky ("Polansky") is a Judicial Official of General Equity in the New Jersey Superior Court located at Camden County Hall of Justice, 101 South 5th Street, 3rd Floor Camden, NJ 08103-4001, and is involved in violation of Plaintiffs' procedural and substantive due process, in addition to deprivation of civil rights.

15. Defendant Judge Sherri L. Schweitzer is a Judicial Official of Civil Law in the New Jersey Superior Court located at Camden County Hall of Justice, 101 South 5th Street, 3rd Floor Camden, NJ 08103-4001, and is involved in violation of Plaintiffs' procedural and substantive due process, in addition to deprivation of civil rights.

16. Defendant Judge Samuel Bernadine is a Judicial Official of Civil Law in the New Jersey Superior Court located at Camden County Hall of Justice, 101 South 5th Street, 3rd Floor Camden, NJ 08103-4001, and is involved in violation of Plaintiffs' procedural and substantive due process, in addition to deprivation of civil rights.

17. Defendant Edward J. McBride, Jr. J.S.C., is a Judicial Official of the New Jersey Superior Court Family Division ("SCFD") located at Camden County Hall of Justice, 101 South 5th Street, 3rd Floor Camden, NJ 08103-4001, and is involved in deprivation of Plaintiffs' civil rights and fraud upon the court. He presided over the Generic/Paternity testing and Support Application.

18. Defendant, Administrative Office of the Courts ("AOC") is a statewide judicial branch within the State of New Jersey proclaiming to ascertain official acts which are inconsistent with the law, New Jersey Civil Rights Section Title 10.

## FACTUAL ALLEGATIONS

## INTRODUCTION

19. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

20. This case involves a most egregious form of censorship, as Plaintiffs and media outlets have been forbidden (inter alia) from publicly criticizing the New Jersey Court system's

4

violation of Plaintiffs fundamental constitutional rights.

21. The Defendants conspired against Plaintiffs by agreeing to commit a series of acts in the commission of fraud upon the court and acted under color of law, namely, in violation of her First Amended right, to limit public discussion and press coverage as described below.

22. On August 13, 2012, Judge Edward Mc Bride initially relied upon statements of Shawn Carter saying he no property holdings in New Jersey which controlled the results. Then later Judge Mc Bride conspired with party Carter who continued to misrepresent to Plaintiff Coley that he did not have property in New Jersey.

23. On December 2012 Judge McBride at Reconsideration Hearing denied Plaintiff's evidence again showing Shawn Carter's New Jersey property deeds and tax records. Carter again stated the property deeds and tax records with his legal name was not his.

24. In December 12, 2012 Attorney Fisher admitted on record that she "misspoke" regarding her clients' residential address, despite Defendant's admission, Judge McBride did not rectify the record.

25. On November 17, 2014, Judge Stephen Polansky opened Plaintiff Rymir's inheritance rights case (FD-04-186-14) case to the public.

26. On December 10, 2014, Plaintiffs filed a Civil Law complaint to obtain damages for allegations of fraud in the said cases for Shawn Carter and his Attorney's false statements regarding jurisdiction. (CAM-L-4749-14).

27. On May 1, 2015, Judge Charles Dortch sanctioned Plaintiffs for disseminating files with no proof and no protective order exists. The files in questioned were already in the public domain with his full knowledge. No due process occurred. Thereafter from 2015- to 2019

Judge Dortch continue to sanction parties each time they sought to exercise their rights. Judge Dortch always relied on Judge Mc Bride's orders knowing that these orders were obtained by fraud.

28. Between 2015 to 2017, Judge Charles Dortch and Judge Stephen Polansky allowed Shawn Carter to produce more false statements regarding jurisdiction without any due process or rule of law. Plaintiffs were denied request for discovery in order to cover up violation of rights in following court procedure.

29. The Civil Law Court(CAM-L-4749-14) Judge Millenky barred Daily News and the parties from disseminating information from the proceedings. The Court of Appeal reversed the Judge Millenky orders. Despite the Court of Appeal's decision, the Trial Court proceeded to sanction only Plaintiffs based on those orders.

30. In the spring of 2016, Judge Dortch allowed a defense attorney Lise Fisher to obtain money from frivolous motions and attorney's fees sanctions from a gag order that didn't exist and allegations that never occurred. Plaintiffs were sanctioned even when they either had no involvement in some filings, or were not party to applicable cases. Judge Dortch also sanctioned Wanda for exercising her freedom of speech by recording a video about her son. Judge Dortch asked Plaintiff Coley for money on record. Judge Dortch called Wanda at home during hearing to intimidate her and she fell on the floor while trying to obtain documents and had to be taken to emergency for injuries.

31. On January 11, 2017, Judge Dortch had an ex parte meeting with a Carter's attorney Lise Fisher who stated the Judge Dortch was "*in her pocket*". Contents of that meeting were never disclosed. Plaintiff Rymir reported the foregoing injustices to the municipality in Camden County. After reporting the matter, Plaintiff Rymir's car was shot at by unknown

individuals.  Plaintiffs also had unknown individuals follow them within the community which is believe to be orchestrated by defense attorney Lise Fisher.

32. In June 2018, Plaintiff Coley was denied transcripts by Judge Samuel Bernadine of the proceedings on appeal he told her to go the "white man" to get what she wanted referring to Shawn Carter's attorney Kenneth L. Winters who made vulgar statements to Plaintiff Coley.  Mr. Winters once stated verbally "*that they paid good money for these court orders*" once leaving a court room.

33. 2018 – 2022 – Judge Glenn Grant, of Office Administrative Courts ignored civil rights complaints and would not process Plaintiffs' claims even after the NAACP office contacted Judge Grant to find out the reason for the delay, but Judge Grant ignored NAACP's inquiry.

34. In 2019, Judge Stephen Polansky withheld court documents from Plaintiff in retaliation and stating that her Posts on Facebook is violation but never identified the post. Judge Polansky did not allow Plaintiffs to engage in discovery.

35.      Defendants' acts and conduct violated Plaintiff's First Amendment to the United States Constitution, by preventing Plaintiffs to express and communicate the issue as incorporated by the Fourteenth Amendment and secured by 42 U.S.C. § 1983 and § 1985.

36.      Defendants Katz, Dortch, Polanksy and Courts at all levels imposed sanctions on Plaintiffs for allegedly violating a gag order that never existed and with no evidence; thereby depriving Plaintiffs of their constitutional rights of life, liberty or property in a related suit in state court.  These judges deprived Plaintiffs' constitutional rights and deprived the Plaintiffs of due process, consequently, this lead to unjustifiable interference with their federally protected First Amendment right to freedom of speech and freedom of

the press, Fifth, Sixth, and Fourteenth Constitutional rights.

37.     Defendants Katz's, Dortch's, Polanksy's did not allow Plaintiffs to engage in discovery in violation of the 14th Amendment Due Process protection in relation to **fraud on the court** and **void judgments** under Fed. R. App. Proc. § 60(b)(4) which states: "*that there is no statute of limitations on filings in a complaint based upon fraud or fraud upon the court*".

38. Judge Polansky, Katz and Dortch placed an illegal lien on Plaintiff Coley's property knowing that defendants in the underlying case committed fraud upon the court because Plaintiff's Coley attorney let them know about it. Judges Sherri L. Schweitzer also knew about the fraud upon the court because Judge Schweitzer had access to Plaintiffs attorney notice nevertheless Judge Schweitzer ratified Polansky, Katz and Dortch illegal lien. Thereby, all Defendants committed a dereliction of their duties which resulted in depriving Plaintiffs of their Constitutional rights.

39. Plaintiff became aware of illegal liens place on her residential home during the sale of the property in December 2023. Plaintiff Coley was unaware of the liens because she was never served. Therefore, she was unable to defend against the liens. The Title Company paid illegal liens based on those illegal judgments.

40. Judges Schweitzer, Katz, Polansky, Dortch and the New Jersey Supreme Court denied Plaintiffs' their right to be heard regarding unfounded sanctions for attorney fees. They proceeded without holding a hearing on the matter and without providing Plaintiff notice and an opportunity to be heard thereby violating Plaintiffs' Constitutional due process rights.

41. Plaintiff was not given the opportunity to refute the claims of the Defendant or to present evidence in support of her Motion to Stay sanctions while on appeals(A-1724-18 & A-3154-21) and which constitutes a fundamental violation of her due process rights.

## PROCEDURAL BACKGROUND

42. On June 14, 2011 legal Custody of the minor Rymir was awarded to Coley in Atlantic County, NJ, where he attended high school and later college. Case# FD-01-001823-11. Coley and Rymir moved to Blackwood, NJ in Camden County and the venue for this matter was changed on or about May 25, 2012.

43. On June 18, 2012, Plaintiff filed a Petition for Child/College Support, Case# FD-04-002874-12.

44. On August 13, 2012, Judge McBride dismissed Plaintiff's complaint for lack of personal and subject matter jurisdiction. The dismissal was without prejudice.  He ordered the court proceedings in this matter to be closed to the public and that the record shall be sealed from the public.

45. On November 6, 2012, Plaintiff filed a motion for Reconsideration and to reopen the case, FD-04-002874-12.  Plaintiff attached Shawn Carter NJ property deeds and NJ tax records to her Motion for Reconsideration to show that personal jurisdiction existed over the claims and the parties.

46. On December 14, 2012, the Court incorrectly denied Plaintiff's Motion by ruling that there was no jurisdiction over the defendant despite having in front of them the property deeds and tax records of Shawn Carter showing they have sufficient contact with the State of New Jersey.

47. In September 2013, in Plaintiff Rymir Inheritance Rights complaint, (FD-04-186-14), Judge Nam Famular conspired with Defendant's attorney by changing Rymir's mother's legal destination in the case from a defendant to plaintiff to justify and turn a blind eye to Plaintiffs' evidence showing that party, Shawn Carter owned property in New Jersey, thus showing that the Court had personal jurisdiction over the Defendant.

48. In December 2014, Plaintiff filed a complaint against Shawn Carter and his attorney, Lise Fisher (CAM-L-4749-14) and subsequently requested the Court for leave to Amend the Complaint to add the claims: 1. concealment of evidence, 2. Violation of NJ Statutes relating to improper court filings, 3. Civil Conspiracy, 4. Abuse of Civil Process, since Plaintiff discovered that Carter owned several properties in the state and thus, the Court had jurisdiction over the case and Carter. Plaintiff also sought to recover her expenses for attorney fees stemming from the misrepresentation in prior litigation on August 13, 2012.

49. On February 19, 2015 the court entered an order regarding case CAM-L-4749-14 which was directed to the court clerk. This order required the clerk to close the proceedings and the entire record from the public. This order was not directed to the parties (including Coley and Rymir). No similar order directed towards parties was ever entered in this mater.

50. On March 26, 2015, Plaintiff's attorney, Dinoto, wrote a letter to Judge Millenky as requested by Judge Ragonese in reply to Defendant's answer in the case CAM-L-4749-14. In the reply letter Plaintiff showed that Defendant and his attorney committed fraud and fraud upon the court by intentionally destroying and concealing evidence and attached the deeds showing that the Court had jurisdiction over party Carter because he owned properties in New Jersey; thereby establishing personal, general and specific jurisdiction minimum contacts.  In the reply letter, Plaintiff's attorney requested the court leave to

amend her complaint to include the aforementioned claims above which included, inter alia, fraud upon the court.

51. On May 15, 2015, the Court denied Daily News' request to vacate the order which sealed the record and closed the courtroom. The court ordered that the Daily News and its agents, together with the other parties to this action foreclosed from disseminating information obtained as a result of the sealed proceedings or the examination of sealed documents for purposes of facilitating news reporting that pertains to any sealed proceedings.

52. On May 19, 2015, the Court ordered the Daily News and the parties from disseminating information, including transcripts, obtained as a result of the sealed proceedings, and from the examination of sealed documents, for purposes of facilitating news reporting that pertains to any seal proceedings.

53. The Daily News appealed the orders.

54. On June 30, 2015, the Court of Appeals reversed the trial court order stating it was "overly broad." The Court of Appeals characterized the publicity ban imposed by the trial court as a "gag order".

55. On or about July 2, 2015 - Judge Robert G. Millenky, P.J. Cv. of the trial court entered a modified order "upon the Order on Emergent Motion" from the Appellate Division, Docket No. AM-000517-14T3, Motion No. M-007423-14 and this Trial Court having been instructed to modify its Orders of May 15, 2015 and May 19, 2015 for the purpose of vacating paragraphs 3, and 4. Judge Millenky did vacate <u>paragraphs 3 and 4 as instructed by the Court of Appeals</u>. Judge Millenky only granted the Daily New's motion to intervene and did not grant the motion to vacate the order sealing the record and closing the courtroom dated February 19, 2015. It instructed the Daily News attorney Bruce Rosen

that the Daily News "may report that it moved to intervene and unseal the record and that the motion was denied. Defendant is not restricted from disseminating any information it obtain through means other than from the sealed records in this proceedings." Judge Millenky also ordered the Daily News "that a copy of this Order shall immediately, upon receipt, be forwarded via fax or email, to all parties in this action.

56. On August 11, 2015, the Court of Appeals provide an exact Unseal version of their June 30, 2015 decision stating trial court was "overly broad." This was identical order of the Court of Appeals characterized the publicity ban imposed by the trial court as a "gag order". [A-004793-14]

57. The Court of Appeals ruled in this August 11, 2015 order that the trial court orders dated May 15, 2015, and May 19, 2015, sanctioning Plaintiffs are void and unenforceable because the May 15th and 19th orders were reversed by the Court of Appeals. The February 19, 2015 Order was never a gag order to begin with which is why Judge Millenky sought to put one in place with May 15th and 19th 2015 orders. However, the parties disputed these orders and were granted relief by appeals court.

58. Despite these orders being void and unenforceable, the trial court sanctioned Plaintiff for violating this vacated order and a gag order that don't exist. All of the orders are the result of fraudulent proceedings and a violation of Plaintiff's First, Fifth, Sixth, Thirteenth and Fourteenth Amendment constitutional rights.

59. The Court must have jurisdiction over the matter to sanction the parties. Here, the trial court's orders sanctioning Plaintiffs are void because the trial court previously determined that it had no subject matter jurisdiction over the matter.

60. The trial court violated Plaintiff's due process and arbitrarily issued sanctions on Plaintiff depriving her of property by allowing the opposing parties to place a lien on her property.

61. August 2015 the Daily Mail produced a public document online regarding outcome of case with names of parties and case numbers and was never sanction by the courts.

62. In addition, the trial court orders are the result from the opposing parties' fraud upon the court acts. The trial court orders are the Fruits of the Poisonous Tree. When Allegations of fraud occur, sealing of records is in violation of 18 U.S. Code § 1017 thereby rendering such order invalid.

63. On October 18, 2018, Judge Micheal Kassel denied Plaintiffs Complaint for CAM-L-4749-14 damages saying "his hands were tied" and for her to go back to Family court and get orders in question voided. Plaintiff appealed. In 2020, Plaintiff learnt that the staff attorney Marijean R. Stevens in appeals court had altered Plaintiff's appeal records.

64. In August 2021, Judge Sherri L. Schweitzer sanctioned Plaintiff for attorney's fees from a gag order that don't exist as form of bullying. Judge Switzer abandoned the sanctions after learning that defense Attorney Kenneth L. Winter gave her false statements. However, Judge Polanksy added these illegal sanctions to his illegal sanctions to make it appear that another Judge made the same decision.

65. In October 2021, Plaintiff's attempted to make a modification filing at the family court base on Judge Kassel to vacate the August 13, 2012 hearing fraudulent orders Judge Deborah Silverman returned the documents unfiled for no reason. Judge stated the refund was for *Mileage Reimbursement* which was a false statement.

66. On January 13, 2022, the trial court issued an Injunction preventing Coley from filing any Complaints or Applications with the trial court and other courts throughout the State of

New Jersey which denied Coley her right to exercise her constitutional rights of due process. The trial court accused Coley of filing several applications, when in fact Plaintiff has only filed two: the first one was the paternity case number: FD-04-002874-12 that the court dismissed "without prejudice". Since it was dismissed without prejudice, Plaintiff was entitled to re-file the case with newly acquired evidence showing that the opposing party owned properties in the State of New Jersey; thereby overcoming the opposite party's defense of lack of subject matter jurisdiction, case number: CAM L-4749-14. Consequently, Plaintiff has no other option but to file this action at the Federal level based on violation of her U.S. Constitutional Rights as mentioned herein above and in her Complaint.

67. Plaintiff Coley filed an appeal of these trial court orders on January 11, 2022, April 19, 2022, two orders dated June 30, 2022. However, despite Plaintiff Coley complying with all the procedural rules and posting the appropriate fees, the trial court's clerk and the Court of Appeals Clerk refused to process her appeal and refused to refund her filing fee of $250.00.

68. On January 2022, Judge Deborah Silverman issued an injunction to Plaintiffs barring them from filing any Complaint or application in any Court in New Jersey. Plaintiff were not Judge Katz did not serve them. Plaintiffs appeal the order and Judge Katz sought to interfere with the Appeals process to block Plaintiff's appeal via the staff attorney Marijean R. Stevens in appeals court. Staff Attorney Stevens stated the appeals court did not receive the appeal even though the UPS tracking number showed it was signed for.

69. In April 2022, Judge Polansky sanctioned Plaintiffs with no evidence for allegedly disseminating documents to the public from gag order that don't exist and the allegations

that never occurred. Judged used February 19, 2015 Order for his sanctions. Plaintiffs were denied request for discovery by Judge Polansky.

70. June 2022 - Plaintiff appealed the orders but was blocked again by the Appeals court. Plaintiff then requested for files from Judge Polansky to help in the appeal. The Trial Court denied her the files. Judge Polansky denied Plaintiff's right to discovery stating he could not give Plaintiffs this right before he sanctioned Plaintiffs with illegal sanctions for attorney fees saying they violated February 19, 2015 order by disseminating files. Again, this order is not a gag order and there's no proof of the allegations.

71. August 2022 - The Appeals Court not only blocked her right to appeal but also denied her Motion to Reinstate Appeal while keeping her appeal filing fee and her money for documents production.

72. January 5, 2023 – Plaintiff sent several requests thereafter seeking her appeal fee refund with no response from the court.

73. On May 2, 2023, Plaintiffs were denied Petition for Reviews numbers 087802, 087584, 087868, 087584 by the New Jersey Supreme Court regarding 14th amendment, fraud and civil rights matters.

74. In December 2023 – Plaintiff became aware of the illegal liens place on her residential home during the sale of the home for attorney fees on orders obtained by jurisdiction fraud by other parties and she was never served these orders.

75. On January 29, 2024 – Plaintiff, Coley lost the sale of 2nd home due to illegal liens on her prior residential property in December 2023. Also, her 2nd New Jersey home is in jeopardy to same illegal transactions which is why these fraudulent orders must be voided.

76. March 8, 2024 – Plaintiffs filed a Restraining Order in Philadelphia District Court to

stop the illegal liens on Plaintiffs property.

77. March 2024 - Plaintiff sought emergent relief as the fraud caused illegal liens on her residential property which has caused delays in compensation sell of her residential property. The Title Company based on illegal judgments entered into State of Jersey lien system stopped the full execution of the sale with home with $34,000 of my profit held in Escrow. Plaintiff was <u>unaware of liens</u> and was <u>never served</u> or able to defend the liens within the proper procedures for attaching liens to one's property. This is a violation of due process by New Jersey Superior Court.

78. May 2024 – August 2024 – Title Company began to pay illegal lien payments to attorneys on behalf of their client Shawn Carter and Attorney Lise Fisher when it was known that these liens were derived from fraud on multiple levels. These attorneys also attempted to obtain extra illegal money from the Escrow but this was blocked by the Pennsylvania Attorney General and New Jersey Banking Commissions.

79. In addition, other unrelated liens that did NOT have Plaintiff Coley's name affix were arbitrary paid using Plaintiff's escrow money making this illegal transaction on multiple levels. The 14th amendment has never been exercised for Plaintiffs since 2012 to 2023 including the processing of public liens on residential property. Plaintiff essentially had to pay for fraud that were illegal transactions.

80. September 2024 – The actions of the court illegal liens prohibited the sale of Plaintiff Coley's 2nd home in New Jersey. The fraudulent orders must be voided since the parties Shawn Carter and Lise Fisher continue to use them as weapon to obtain money when these orders have no legal authority.

81. November 2024 – Investigations from local agencies has been ongoing.

## COUNT I

## VIOLATION OF U.S. CONSTITUTION FIRST AMENDMENT RIGHTS (AGAINST McBRIDE, DORTCH, KATZ, POLANSKY, SCHWEITZER BERNADINE, SCFD, AOC, SCNJ, SCCD AND ACNJ

82. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

83. McBride sealed the court records and Dortch continued to keep the records sealed to prevent Plaintiffs from litigating their case.

84. Contrary to the Court's record, Dortch arbitrarily issued an order sanctioning Plaintiffs alleging that the Plaintiffs released court documents that were supposed to be sealed to the public with no evidence. These allegations were unfounded, as Plaintiffs never released any court documents.

85. Dortch continued to sanction Plaintiff Coley for non-payment of attorney fees which must be paid before she can proceed with a jury trial of her application.

86. Dortch's sanctions are a violation of Plaintiff's U.S. Constitutional First Amendment and Fourteenth rights because they were intended to prevent Plaintiffs' Coley access to the Court and to prevent her case from being heard.

87. On March 25, 2022 Katz and Polansky sanctioned Plaintiffs with no evidence for $2,500 for allegedly publishing, disseminating, causing to publish and causing to be disseminated information in violation of the February 19, 2015 order which is neither a protective order nor a gag order.  Furthermore, the trial court sanctioned Plaintiffs in violation of the Court of Appeals decision ordering the trial court to vacate paragraphs 3 and 4 of the May 15, 2015 and <u>May 19, 2015 which was done on July 2, 2015 Order.</u>

17

88. Katz and Polansky violated Plaintiff's U.S. First Amendment Constitutional rights by sanctioning Plaintiffs in violation of the Court of Appeals Remand Order which reversed the May 15th & 19th 2015 orders. The Court of Appeals had previously vacated the lower court orders noting in their decision on August 11, 2015 that a court should not impose "gag" orders.

89. Katz and Polansky also used February 19, 2015 Order to improperly sanction Ms. Coley. This particular order was never a gag order because it was simply declaring that: (1) The court proceedings were closed to the public; and (2) that the entire record was sealed from the public. Thus, it is not a gag order to begin with, and assuming arguendo that it was (which it wasn't), the order was unconstitutional because it was vague and ambiguous since it was not ordering the Plaintiffs from refraining from anything subject to any penalty or sanction. Again, even if it is not found to be vague and ambiguous, it was certainly overbroad and therefore unconstitutional because it is subjecting Plaintiff to a prior restraint on her First Amendment right to the U.S. Constitution. In addition, Plaintiffs did not disseminate nor publish any information so there was not any violation of a gag order because there was not a gag order to begin with and even if she did disseminate or publish the alleged information, (which she did not) it is within her constitutional right to do so.

90. On April 19, 2022, despite the Court representing to Plaintiffs that they lacked subject matter and personal jurisdiction, Polansky issued an order to Plaintiffs to pay the opposing party $5,292 and $9,544.50 for attorneys fees with no evidence. This order was in retaliation for Plaintiffs exercising their due process rights and Defendants' effort to silence Plaintiff; thereby, violating Plaintiff's U.S. First Amendment Constitutional rights.

91. SCFD sanctioned Plaintiffs based on an alleged gag order that prohibited the Parties from speaking to the public about the case. However, the Plaintiffs were not aware that such a gag order existed and even if it did exist, she did not speak about the case in public. The Daily News filed their appeal, which the Court of Appeals reversed the alleged gag order in 2015. Despite the Court of Appeals reversal allowing Plaintiffs to openly speak with the public on the matter, the SCFD continued sanctioning Plaintiff for violating a gag order that never existed. Therefore allegations against Plaintiffs were false on multiple levels.

92. SCFD violated Plaintiff's U.S. First Amendment Constitutional rights by allowing McBride's, Dortch's, Polansky's and Katz's to sanction Plaintiffs and preventing Plaintiffs access to the records by sealing the records and from discussing the case with the press. The sanctions sought to silence the Plaintiffs from speaking upon the rights. The sanctions were intended to prevent Plaintiffs from litigating their case and having access to the Court in violation of Plaintiff's constitutional rights including the First Amendment to the U.S. Constitution.

93. AOC, SCNJ, SCCD and ACNJ violated Plaintiff's U.S. First Amendment Constitutional rights by participating and ratifying McBride's, Dortch's, Polansky's, and Katz's acts and conduct mentioned hereinabove.

94. The unfounded sanctions resulted in an illegal lien placed on the residence of Plaintiff Coley which she was not aware of and never served with.

95. Plaintiff Coley's appeal on this matter was blocked by ACNJ. About eight(8) to ten(10) complaints were filed to AOC regarding civil rights and discrimination violations, all of which were ignored from 2017 to present. Even a memo from the NAACP of Philadelphia was not responded to by the AOC.

96. Over ten (10) complaints and inquiries to the Attorney General office of New Jersey were made with no results.

97. All Petitions for Review to SCNJ were denied May 2023.

98. Plaintiffs suffered and continue to suffer damages based on this violation of Coley's constitutional rights. Plaintiff Coley's income was drained of more than $100,000 for attorney's fees and other litigation costs in wholly unnecessary litigation. This forced the Plaintiff to reach out to family members for money to pay for legal fees and costs.

99. Plaintiffs continues to incur expenses up to this date.


## COUNT II

## VIOLATION OF THE FOURTEENTH AMENDMENT DEPRAVATION OF PROPERTY RIGHTS AND VIOLATION OF DUE PROCESS (AGAINST McBRIDE, DORTCH, KATZ, POLANSKY, SCHWEITZER BERNADINE, SCFD, AOC, SCNJ, SCCD AND ACNJ)

100. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

101. Dortch, Katz, Polansky, Schweitzer, Bernadine, AOC, SCNJ, SCCD, SCFD and ACNJ violated Plaintiffs' U.S. Fourteenth Amendment Constitutional rights by participating and ratifying McBride's, Dortch's, Polansky's, and Katz's acts and conduct consisting of but not limited to depriving Coley of property without due process of law and abridging Plaintiffs' privileges or immunities.

102. Plaintiffs utilized the correct procedures of law and properly notified the courts about the fraud being perpetrated by the Defendants of that case but the trial court prevented the Plaintiffs their day in court. In doing so, Plaintiffs notified the AOC many times about the

20

New Jersey State Courts depravation of Plaintiffs' rights but the AOC ignored them, did not and refuse to address them.

103. Trial Court, Appellant Court and Supreme Court involving Judge Radner, Judge Mc Bride, Judge Dortch, Judge Katz and Judge Polansky continued to treat Plaintiffs differentially until they sought assistance from agents such as NAACP, State Senator, U.S. Attorney, Attorney General and FBI outside of the court.

104. McBRIDE's, Dortch's, Katz's, Polansky's, AOC's, SCNJ's, SCCD's, SCFD's and ACNJ's actions affected Rymir's ability to prove his civil inheritance case. Furthermore, Defendants' actions had adversely affected him and the Plaintiffs when they were prevented from their day in court.

105. In 2019, Plaintiffs followed Judge Michael J. Kassel's recommendation of the SCFD to reopen the family case to have the information vacated and seek damages.

106. On November 23, 2021 after COVID-19, Plaintiffs submitted their motion to reopen their case in SCFD.

107. Plaintiffs filed a modification of the August 13th, 2012, order dismissing the case; however, Katz abandoned her legal duty when she held the pleading for months without providing updates to the plaintiff and their motion was ignored and never responded to.

108. The trial court failed to rule on Plaintiffs' petition for modification filed on November 23, 2021 in the family because part of the action was obstructed by Judge Katz. The attempted filing fee was returned with a claim of mileage reimbursement which was sent four (4) months later. Judge Katz holds an obligation to prevent the hindrance of Coley's litigations. Judge Katz chose to partake in the fraud with hopes of deterring her from litigating her way to the truth. The actions of Judge Katz are a violation of procedural due process. Judge

Katz' actions comprise a willful disobedience of judicial duties. It further demonstrates a violation to Coley's right to procedural due process.

109. Defendants deprived Plaintiffs of their rights as set forth under the Fourteenth Amendment of the U.S. Constitution. Defendants denied Plaintiffs the right to trial and the right to counsel as Plaintiffs were taken advantage of when their attorney died and the trial court continued with the proceedings despite Plaintiffs requesting to stay the proceedings pending the Plaintiffs good faith efforts to find a substitute attorney.

110. Defendants denied Plaintiffs of their right to engage in discovery and fact finding for every litigation from 2012 to 2023.

111. As a result of Defendants' depriving Plaintiffs' rights and privileges they were injured and suffered damages.

112. The lien resulting from Defendants' acts and conduct has affected plaintiff Coley's property and abused her substantive right to liberty and property. Her freedom to seek answers within a court was restricted by the mistreatment and harassment of New Jersey Court Agents.

113. Furthermore, Coley's property was wrongfully targeted. Coley has abided by legal recourse in the State of New Jersey. Her willingness to submit to the law resulted in sanctions of attorney's fees from court orders based on fraud and that were arbitrary and in violation of the U.S. Constitution depriving Plaintiffs of their Constitutional right to property by awarding attorney fees and placing an undeserving lien on her home that she has a right to protect from the government and those acting in concert with the government.

114. The unfounded sanctions resulted in an illegal lien placed on the residence of Plaintiff Coley and now still waiting for some funds to be returned to her. Plaintiffs suffer and

continue to suffer damages. Plaintiff Coley's income was drained of more than $100,000 for attorney's fees and other litigation costs in wholly unnecessary litigation. This forced the Plaintiff to reach out to family members for money to pay for legal fees and costs.

115. Plaintiffs continue to incur expenses up to this date.

## COUNT III

### VIOLATIONS OF CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (AGAINST McBRIDE, DORTCH, KATZ, POLANSKY, BERNADINE SCFD, AOC, SCNJ, ACNJ)

116. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

117. Defendants acted under the color of state law when they deprived the Plaintiffs' Constitutional, federal rights, privileges, or immunities when exercising power possessed by virtue of law and was made possible only because they were clothed with the authority of state law as follows:

118. McBride sealed the court records.

119. McBride, Dortch, Bernadine prevented Plaintiffs access to the records.

120. Judge McBride ordered the court proceedings in this matter shall be closed to the public and the record shall be sealed from the public.

121. Dortch sanctioned Plaintiffs. All sanctions resulted in violations of Plaintiffs constitutional rights including the First and Fourteenth Amendments of the U.S. Constitution.

122. Dortch continued to keep the records sealed to prevent Plaintiffs from litigating their case.

123. SCFD violated Plaintiff's U.S. First Amendment Constitutional rights by allowing McBride's, Dortch's, Polansky's and Katz's to sanction Plaintiffs and preventing Plaintiffs access to the records by sealing the records and from discussing the case with the press. The sanctions sought to silence the Plaintiffs from speaking upon the rights. The sanctions were intended to prevent Plaintiffs from litigating their case and from having access to the Court in violations of Plaintiffs constitutional rights including the First Amendment to the U.S. Constitution.

124. AOC, SCNJ, and ACNJ violated Plaintiff's U.S. First and Fourteenth Amendment Constitutional rights by participating and ratifying McBride's, Dortch's, Polansky's, and Katz's acts and conduct mentioned hereinabove.

125. The sanctions against Plaintiffs were secured by fraud on the court when other parties and their attorneys told the court he did not own any properties in New Jersey when in fact he did. The fraud upon the court took place when the trial court opted to act in concert with other parties by disregarding Plaintiff's evidence showing deeds and tax records which demonstrated the other party's ownership of three properties.

126. Defendants acted with the intent of abusing and violating Plaintiffs constitutional rights. It further sought to paint Plaintiffs as burdens of the court for accessing the constitutional rights they were born with.

127. All Defendants owe a duty to protect Plaintiffs' rights and privileges under the Constitution and other laws as stated in this complaint.

128. Defendants breached their duties when they opted to engage in their dereliction of their duties.

129. Defendants did not protect Plaintiff Coley's constitutional rights because she is a black

24

female. At every hearing Plaintiffs were treated by New Jersey Court's as less than a citizen.

130. Defendants blocked Plaintiffs' constitutional rights and prevented a young black man who was seeking closure of his paternity from being able to receive that peace of mind.

131. Plaintiffs suffer and continue to suffer damages. Plaintiff Coley's income was drained of more than $100,000 for attorney's fees and other litigation costs in wholly unnecessary litigation. This forced the Plaintiff to reach out to family members for money to pay for legal fees and costs.

132. Plaintiffs continue to incur expenses up to this date.

## COUNT IV

### VIOLATION OF 42 U.S.C. § 1983 –
### CIVIL ACTION FOR DEPRIVATION OF RIGHTS UNDER THE COLOR OF STATE LAW
### (AGAINST McBRIDE, DORTCH, KATZ, POLANSKY SCFD, AOC, SCNJ, AND ACNJ)

133. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

134. Defendants' acts and conduct were accomplished under the color of state law.

135. Defendants deprived Plaintiffs' rights and privileges secured by the First and Fourteenth Amendment under the Constitution and laws as set forth herein this complaint.

136. All defendants conspired, participated, and ratified each other acts and conduct to deprive Plaintiffs' civil rights guaranteed by the U.S. Constitution or Federal law which involved, inter alia, a variety of constitutional violations, such as freedom of speech, due process, and equal protection.

137. AOC, SCNJ, and ACNJ violated Plaintiff's U.S. First and Fourteenth Amendment Constitutional rights by participating and ratifying McBride's, Dortch's, Polansky's, and Katz's acts and conduct mentioned hereinabove.

138. The sanctions against Plaintiffs were secured by fraud on the court. Judge Mcbride, Dortch, Katz, Polansky knew or should have known that the parties Shawn Carter and his attorney, Lise Fisher (CAM-L-4749-14) own any properties in New Jersey Mcbride, Dortch, Katz, Polansky disregarded Plaintiff's evidence showing deeds demonstrating that Defendants were committing fraud upon the court, and yet opted to participate in this fraud with the Defendants and deprived Plaintiffs property by sanctioning them and violating Plaintiffs constitutional rights.

139. ACNJ violated Plaintiffs Constitutional rights and deprived them of their property by ratifying the lower court's decision when it knew or should have known of the fraud upon the court and that the lower court's judgment August 12, 2012 case nos. FD-04-2774-12, February 19, 2015, October 22, 2018 for case no. CAM-L-4749-14 are void because of fraud upon the court.

140. Defendants acted with the intent of abusing and violating Plaintiffs constitutional rights. Defendants further sought to paint Plaintiffs as burdens on the court for their efforts to access the constitutional rights they were born with.

141. All Defendants owe a duty to protect Plaintiffs' rights and privileges under the Constitution and other laws as stated in this complaint.

142. Defendants breached their duties when they opted to engage in their dereliction of their duties.

143. Defendants did not protect Plaintiff Coley's constitutional rights because she is a black

26

female. At every hearing Plaintiffs were treated by New Jersey Court's as less than a citizen.

144. Defendants blocked Plaintiffs' constitutional rights and prevented a young man who was seeking closure of his paternity from being able to receive that peace of mind.

145. As a result of Defendants' deprivation of Plaintiffs' rights and privileges they were injured and suffered damages.

146. The unfounded sanctions resulted in an illegal lien placed on the residence of Plaintiff Coley which now has caused more damages based on fraud.

147. Plaintiffs suffer and continue to suffer damages. Plaintiff Coley's income was drained of more than $100,000 for attorney's fees and other litigation costs in wholly unnecessary litigation. This forced the Plaintiff to reach out to family members for money to pay for legal fees and costs.

148. Plaintiffs continue to incur expenses up to this date.

## COUNT V

## VIOLATION OF U.S.C. §1985 (CONSPIRACY TO INTERFERE WITH PLAINTIFFS' CIVIL RIGHTS (AGAINST McBRIDE, DORTCH, KATZ, POLANSKY, BERNADINE, SCHWEITZER, SCFD, AOC, SCNJ, AND ACNJ)

149. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

150. Defendants conspired and participated in acts of fraud upon the court and the violations of Plaintiffs' civil rights under the color of State Law.

151. Defendants violated Plaintiffs' substantive and procedural due process rights when they opted to engage in their gross dereliction of their duties during and after a family court case

("FD-002874-12") which resulted in major disturbance of due process in Rymir's Civil inheritance case ("FD-04-00186-14") and CAM-L-4749-14..

152. All Defendants conspired to deprive Plaintiffs of the equal protection of the laws, or of equal privileges and immunities under the laws.

153. AOC, SCNJ, and ACNJ violated Plaintiff's U.S. First and Fourteenth Amendment Constitutional rights by participating and ratifying McBride's, Dortch's, Polansky's, and Katz's acts and conduct mentioned hereinabove.

154. All Defendants conspired to commit fraud upon the court.

155. Defendants McBride, Dortch, Katz, Polansky, Bernadine, Schweitzer prevented Plaintiffs from having their day in court, testifying, or having access to court documents.

156. Defendants acted with the intent of abusing and violating Plaintiffs constitutional rights. It further sought to paint Plaintiffs as burdens on the court for attempting to access the constitutional rights they were born with.

157. All Defendants owe a duty to protect Plaintiffs' rights and privileges under the Constitution and other laws as stated in this complaint.

158. Defendants breached their duties when they opted to engage in their dereliction of their duties.

159. Defendants did not protect Plaintiff Coley's constitutional rights because she is a black female and retaliation. At every hearing Plaintiffs were treated by New Jersey Court's as less than a citizen.

160. Defendants blocked Plaintiffs' constitutional rights and prevented a young man who was seeking closure of his paternity from being able to receive that peace of mind.

161. Defendants acts and conduct were racially motivated and invidiously discriminated against Plaintiffs because of Plaintiffs' African-American descent and retaliation.

162. Defendants' acts and conduct shows that there were racially or class-based discriminatory animus behind their actions.

163. Dortch's order to seal the records was directed in the furtherance of Defendants' conspiracy and was conducted in violation of 18 U.S. Code § 1017 thereby rendering such order invalid.

164. Plaintiff Coley was informed by Judge Dortch that although she is an American citizen, she is precluded from certain rights belonging to another party Shawn Carter.

165. Defendants deprived Plaintiffs' rights and privileges secured by the First, Sixth, Thirteenth, and Fourteenth Amendment under the Constitution and laws as set forth herein this complaint.

166. As a result of Defendants' depriving Plaintiffs' rights and privileges they were injured and suffered damages.

167. The unfounded sanctions resulted in an illegal lien placed on the residence of Plaintiff Coley.

168. Plaintiffs suffer and continue to suffer damages. Plaintiff Coley's income was drained of more than $100,000 for attorney's fees and other litigation costs in wholly unnecessary litigation. This forced the Plaintiff to reach out to family members for money to pay for legal fees and costs.

169. Plaintiffs continue to incur expenses up to this date.

## COUNT VI

### BIVENS-TYPE ACTIONS
### (AGAINST McBRIDE, DORTCH, KATZ, POLANSKY, SCHWEITZER, BERNADINE SCFD, AOC, AND ACNJ)

170. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

171. A private cause of action could be maintained under *Bivens* for violations of the due process clause and the First, Sixth, Thirteenth, Fourteenth Amendment of the U.S. Constitution.

172. As demonstrated above, Defendants acted under the color of state law to violate Plaintiff's constitutional rights.

173. Defendants sealed the records thereby depriving Plaintiffs' access to court records and their ability to defend themselves and have a fair trial; thus violating their constitutional rights under the Petition Clause of the First and Sixth Amendment to the U.S. Constitution.

174. Defendants deprived Plaintiffs from obtaining civil redress thereby violating the very essence of the protections of civil liberty.

## COUNT VII

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST McBRIDE, DORTCH, KATZ, POLANSKY, BERNADINE, SCHWEITZER, SCFD, AOC, SCNJ, ACNJ)

175. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

176. Defendants' acts and conduct inflicted upon Wanda severe emotional distress that caused her to pass away earlier than she would have otherwise.

177. Not only did the Plaintiffs lose a loved one because of Defendants' act and conduct but the Defendants recklessly took away Plaintiffs dignity as well.

178. Plaintiffs suffered severe emotional distress that they carry daily, particularly Plaintiff Rymir who not only lost his mother, Plaintiff Wanda, but also was robbed of some essential youth moments and privacy.

179. Defendants' act and conduct was the proximate result of Plaintiffs' severe emotional distress that continues up to this date.

180. In October 2021, Plaintiff Coley moved to re-open the family law case to dismiss it as recommended by Judge Michael Kassel and Tiffany the family court supervisor. Four (4) months later on January 13th, 2022, Judge Deborah Silverman Katz ("Judge Katz") conducted a hearing with solely the defendant attorney present to stop Plaintiffs from filing requests to the court without her permission. A couple days later, on the 18th, Judge Katz returned the family law request with Coley's money stating it was a mileage reimbursement which was false. Through the process Coley has been denied access to transcripts and was instructed that she must see the defendant's attorney, Kenneth Winters to obtain transcripts.

181. SCCD and Polansky entered orders targeting only Coley to be denied court transcripts. Polansky also denied Plaintiff's request for discovery. Polansky mismanaged the case; he told Plaintiff that there were no pending appeals in Appellate Division which was false. This denial resulted in depriving Plaintiff of her day in court. ACNJ denied Plaintiff Coley documents on appeal at which she paid fees. This was to obstruct her ability to defend her issues on appeal. These multiple layers of blockage from trial court to appeals caused emotional stress due to denials, dismissals, claims of lost documents that were not really lost, and the failure to refund appeals fees and documents fees.

182. The actions of Defendants endangered our lives due to the high profile nature of the case as persons came to our home at 4am in morning, drove onto our lawn, surveilled us in public and in private, and followed us in various locations. Plaintiff Rymir also was the victim of his car being shot up with gun holes.

## COUNT VIII

## DECLARATORY JUDGMENT

183. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

184. Plaintiffs seek a declaratory judgment that the Defendants' acts, practices, judgments, rulings, and omissions alleged herein were unconstitutional and in violation of federal law.

185. Plaintiff seeks a declaration that Defendants violated Plaintiffs' rights protected under the Constitution of the United States and federal laws causing Plaintiffs to be wrongfully denied their property under color of law, causing them great financial loss and personal harm.

186. Plaintiff seeks a declaration that court records need to be unsealed for public review which demonstrates the allegations set forth therein.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs pray for judgment as follows:**

Defendants to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay, and benefits Plaintiffs would have received had it not been for Defendants illegal actions;

1. Plaintiffs to be accorded equitable or injunctive relief as allowed by applicable law;

32

2. Plaintiffs to be awarded actual damages for negligent infliction of emotional distress.

3. Plaintiffs to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

4. Plaintiffs be awarded punitive damages as permitted by the violations of the First, Sixth, Thirteenth, and Fourteenth Amendment to the U.S. Constitution, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, reckless and outrageous conduct, and to deter Defendants and/or other agents of the court from engaging in such misconduct in the future;

5. All courts orders derived from 2012 fraud to be held as Void in all forums

6. The fraudulent orders must be voided since the parties Shawn Carter and Lise Fisher continue to use them obtain money when these orders have no legal authority. Plaintiff's 2nd New Jersey home is in jeopardy to the same fraudulent orders. Investigations from local and state agencies have been ongoing.

7. This Court should grant any and all other such legal or equitable relief as it deems necessary, just, and appropriate.

8. The case be tried by a Jury of 12.

Lillie M. Coley- PhD
In pro-per
3900 City Ave. , Apt. M420
Phila., PA 19131
Phone: 215-620-0278
Email:Lillie.coley@gmail.com

Rymir Satterthwaite

In pro-per
3650 N. Marvine St.
Philadelphia, Pa 19140
Email:rymirgraves@yahoo.com

# CERTIFICATION PURSUANT TO FEDERAL RULES OF CIVIL

# PROCEDURE, RULE 11

Under Federal Rule of Civil Procedure 11, by signing below, I/we certify to the best of our knowledge, information, and belief that this Initial Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated. November 25, 2024.

_____

Lillie M. Coley- PhD

_____

Rymir Satterthwaite